BURNET F. WARNER and another *vs.* MARGARET A. MORAN.

*Wife—coercion of, by husband. Judgment creditor—remedy of against fraudulent debtor not having legal title.*

If a wife, in the presence of her husband, knowingly aids him in a fraudulent transfer of his real estate to her, the *prima facie* presumption is that she acted under coercion; but this presumption may be rebutted.

If the husband never had any legal title to land paid for by him but conveyed to his wife, the remedy of a judgment creditor of the husband is in equity and not by a levy.

ON REPORT.

CASE founded on R. S., c. 113, § 51. Writ dated Dec. 14, 1869. Plea, general issue.

On May 18, 1864, Patrick Moran, then the defendant's husband, was indebted to the plaintiffs in the amount of a judgment recovered by them against him at the April term, 1857, of this court, for this county; and on the day of the date of this writ he was indebted to the plaintiffs in the amount of a certain other judgment recovered by them against him at the October term, 1868, on the former judgment.

On May 18, 1864, Moran verbally agreed to purchase of Andrew Frost the lot of land described in this writ, for the sum of $1,000, and paid Frost $100 in advance. Upon Moran's informing his wife thereof, she at once replied: 'Have the deed made to me, for you owe a good many persons; and if you take the deed they'll jump right on and attach it.'

Thereupon the land was conveyed to the defendant, and her husband paid the balance of the purchase money in cash.

Prior to the commencement of this action, the defendant was divorced from her husband.

If upon this state of facts the action is maintainable, it is to stand for trial.

*A. Sanborn*, for the plaintiffs, cited R. S., c. 113, § 51; c. 61, § 1; *Spaulding* v. *Fisher*, 57 Maine, 411; *Griffin* v. *Nitcher*, 57 Maine, 270; *Dockray* v. *Mason*, 48 Maine, 178.

*W. Mc Crillis*, for the defendant, contended that in a civil action against the wife for the commission of a tort, the presence of the husband is conclusive evidence that she acted by coercion. And that the plaintiffs' exclusive remedy is by levy, citing R. S., c. 61, § 1.

TAPLEY, J. R. S., c. 113, § 51, provides that, ' Whoever knowingly aids or assists a debtor or prisoner in a fraudulent transfer, or concealment of his property, to secure it from creditors, and prevent its attachment or seizure on execution, shall be liable to any creditor suing therefor in an action on the case, in double the amount of property so fraudulently transferred or concealed, not exceeding double the amount of such creditor's demand.'

This action is founded upon this section. It appears by the report in this case, that Patrick Moran, the husband of the defendant, being indebted to the said plaintiffs, on the 18th of May, 1864, made a purchase of certain real estate, and paid therefor the sum of $1,000, and at the instance and request of this defendant, and for the purpose of hindering and delaying these creditors, caused the deed to be made to her.

The question presented is, can the action be maintained upon this state of facts?

It is contended that the transaction having taken place in the presence of the husband, she is conclusively presumed to be under his coercion in the act.

This position, we think, cannot be maintained. In *Marshall* v. *Oakes*, 51 Maine, 308, it was held that the presumption is *prima facie*, that the wife acted under coercion, if the husband was actually present, and that it applied as well in civil suits as in criminal cases; and that such presumption may be rebutted by evidence, and the wife shown to be the instigator or active party.

Warner v. Moran.

We perceive no reason for doubting that the principle was correctly stated in that case. The reasoning, and authorities cited in that case, we refer to upon this point.

Section 1, chapter 61, provides, among other things, that 'when payment was paid for property conveyed to the wife from the property of her husband, or it was conveyed by him to her without a valuable consideration made therefor, it may be taken as the property of her husband to pay his debts contracted before such purchase.'

Under this provision of statute, it is contended that 'the remedy of the creditor is by levy upon the estate as the property of the husband.'

It has been held upon consideration in this State, that where the title never vested in the husband, a levy was not effectual, and that a deed given to the wife by a third party upon payment made with the husband's property, did not so vest the estate in the husband that it could be taken by levy, but the creditor must proceed by equity.

It is sufficient at this time to refer to the recent case of *Webster* v. *Folsom*, 58 Maine, 230, and the cases there cited.

The wife having, since the conveyance and before the action was commenced, been divorced from the husband, and the evidence showing that she was the instigator and active party, and not in fact under the coercion of the husband in the act, we think the action is maintainable. *Case to stand for trial.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.